**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALESSANDRA BROHMER, et al., | ) | 1:02-cv-5649 OWW DLB |
| | ) | |
| Plaintiffs, | ) | ORDER AFTER SCHEDULING CONFERENCE |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**I.   Date of Scheduling Conference.**

August 5, 2005.

**II.   Appearances Of Counsel.**

Good, West & Schuetze by Steven Schuetze, Esq., appeared on behalf of Plaintiffs.

Robert J. Gross, Esq., Trial Attorney, U.S.D.O.J. appeared on behalf of Defendant United States of America.

Allen, Matkins, Leck, Gamble & Mallory, LLP, by Kristine Floyd, Esq., appeared on behalf of Defendant Lockheed Martin Corporation, Lockheed Martin Aeronautics Company & Lockheed Martin Space Systems Company.

**III.   Summary of Pleadings.**

1.   On August 4, 2003, the Court ordered all discovery

1

1  stayed except for issues pertaining to the United States then
2  pending Motion to Dismiss and the determination of that motion by
3  the Court.  The government's pending Motion to Dismiss was
4  continued by stipulation on several occasions to allow for the
5  completion of depositions of witnesses who were located
6  throughout the United States and because of scheduling problems
7  of witnesses and counsel for the parties.
8       2.   Twenty-eight persons have given depositions and several
9  depositions needed to take place over two and three days.  There
10 are approximately 45 volumes of depositions and more than 20,000
11 pages of depositions.  Thousands of pages of exhibits have been
12 produced.  The parties have also performed extensive written
13 discovery in the form of demands for inspection, interrogatories
14 and Request for Admissions.
15      3.   In April 2004 the Court vacated all hearing dates
16 pertaining to the Motion to Dismiss.  The government intends to
17 file a Motion for Summary Judgment on August 2, 2005, with a
18 hearing date of December 12, 2005 on the issue of special
19 employment under the California Labor Code which could be
20 dispositive of this case.
21      4.   Wrongful death of well known civil aviator/action
22 photographer, age 38, while an alleged passenger in an F16
23 military aircraft that crashed while on a routine filming in
24 flight.
25      5.   The incident occurred on July 17, 2001, at
26 approximately 6:45 a.m. daylight.
27      6.   The incident occurred at Echo Ridge at China Lake Naval
28 Weapons Station, California.  Weather clear, non-contributory.

7. The parties are wife Alessandra Brohmer, accident at age 39; children: Stephanie, accident age 13; Juliana, accident age 10; and Sean, accident age 9. The Defendants are United States and Lockheed Martin.

8. U.S. Pilot Major Eric George negligently failed to properly prepare for flight before take off by preplanning his minimum decision height altitude, minimum descent altitude, and required air speeds in order to be able to have time and altitude to pull up and thereby avoid crashing into the ground.

9. While in flight, Pilot George negligently failed to properly and continuously monitor his air speed and altimeter rate of descent and altitude instruments, and maintain what in aviation is called "situation awareness," in order to assure that he would not go below minimum safe decision height and minimum descent altitude. As a result Pilot Major George's negligence, the F16 slammed to the ground killing the pilot and his alleged civilian passenger, Plaintiff Brohmer.

10. Plaintiffs contend this is a classic aviation accident involving pilot negligence and has been known to be described for many years as "CFIT" (control flight into terrain). Plaintiffs contend Defendants the United States and Defendants' pilot Major George were well aware of CFIT accidents and their causes for many years before this accident, and to take the steps necessary to avoid such CFIT accident.

11. Plaintiffs contend that this is a liability case against the United States. The United States has claimed Lockheed employee Bromsey failed to give a sufficient pre-flight briefing before this accident, and as such Plaintiffs have been

3

required to sue Lockheed.

12. To date there is no known mechanical failure that has been discovered as a cause of this accident.

13. Judson Brohmer was a non-pilot. He was not guilty of contributory negligence. He also was not a special employer of the Defendant - he was an independent contractor for the sole purpose of taking pictures during the flight.

### Defendant United States' Contentions

1. Defendant United States contends under the California Labor Code decedent was its special employee.

2. Defendant contends Plaintiffs' decedent voluntarily assumed the risk and should be either barred by the doctrine of primary assumption of the risk, or proportionally reduced by the doctrine of secondary assumption of the risk.

3. Defendant contends it violated no duty owed to Plaintiffs' decedents.

4. Defendant United States contends that Judson Brohmer was comparatively negligent.

5. Defendant United Stated contests the nature and extent of damages.

6. Defendant United States is willing to stipulate that no act or omission on the part of Mr. Bromher was a cause of the accident.

IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate filing any amendments to the pleadings at this time.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further

4

Proceedings.

   1.   The accident occurred on July 17, 2001.

   2.   The United States Government employee Major George was the pilot of the F16 military plane and was in the course and scope of his duties.

   3.   The accident occurred on Echo Range of China Lake Naval Weapons Station, California.

   4.   Judson Brohmer died in this plane crash.

   5.   Alessandra Brohmer was decedent Judson Brohmer's wife at the time of the accident and Judson's minor children at the time of the accident were Stephanie, Juliana and Sean.

   6.   Judson Brohmer was not the pilot of the F16 military aircraft.

   7.   The United States has stipulated Major George failed to maintain situation awareness and that failure was a cause of the accident.

B.   Contested Facts.

   1.   The negligence of Major George and Defendants the United States and the reasons why Major George failed to maintain situation awareness and failed to pay proper attention to his aircraft instruments and the training, and why he crashed.

   2.   Whether there are any facts to support any liability on any others besides the United States for this accident.

   3.   The duties of Judson Brohmer on the accident aircraft.

   4.   Whether Judson Brohmer was an independent contractor or special employee.

5

5. Whether a special employee Judson Brohmer "assumed the risk."

6. Loss of earning capacity caused by the death of Judson Brohmer.

7. The nature and amount of any other economic damages alleged by Plaintiffs.

8. The amount of damages suffered by each Plaintiff for the loss of love and affection, care, companionship, comfort, society and moral support and other elements of recoverable damages under California law.

VI. Legal Issues.

   A. Uncontested.

       1. Jurisdiction exists under 28 U.S.C. § 1331.

       2. Venue is proper under 28 U.S.C. § 1391.

       3. This action is brought under the Federal Tort Claims Act and was timely filed, including the requisite government claim.

       4. To the extent any State law applies to the claims asserted, the parties agree that the substantive law of the State of California governs.

   B. Contested.

       1. Whether Defendant United States was negligent and the cause of Plaintiffs' damages.

       2. Whether Judson Brohmer was an independent contractor or a special employee.

       3. Whether Judson Brohmer assumed the risk.

       4. Whether Judson Brohmer was comparatively negligent.

        5.    Whether there was any negligence on any other entity besides Defendant United States.

        6.    A complete and detailed discovery plan including a cut-off date for discovery and proposed date for disclosure of expert witnesses.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    A summary judgment motion is pending.  The parties agree that it would be most efficient and in their interests to have the court's ruling on the motion for summary judgment, whereafter, a schedule for the balance of the case shall be adopted.

DATED: August _5___, 2005.

                                                        /s/ OLIVER W. WANGER
                                                        Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE

brohmer sch con